Kenneth R. Bleck, Receiver, Plaintiff-Appellee, v. William R. Cosgrove, Defendant-Appellant.

Gen. No. 11,451.

Second District, First Division.
October 13, 1961.
Rehearing denied November 14, 1961.

Perona & Perona, of Spring Valley, for appellant.

Berry & O'Conor, Central Life Building, of Ottawa, for appellee.

SMITH, P. J.

In this forcible entry and detainer action, the Circuit Court of La Salle County entered a judgment on the pleadings for possession and rent in favor of the plaintiff, as court appointed receiver of the South Bluff Country Club, and against the defendant as tenant of that club. The premises were improved with a golf course and a club house which included residence quarters for the defendant. This landlord-tenant relationship had existed for many years and for the year 1958 the defendant was in possession under a written lease which, by its own terms, terminated on December 31, 1958. The defendant held over under an alleged oral agreement with the president of the Country Club, and he was in possession when a suit to foreclose a trust deed securing the indebtedness of the club was instituted on January 9, 1959. The defendant was not made a party to the foreclosure proceedings. In those proceedings plaintiff was appointed receiver of the club property with powers more particularly hereinafter set forth. He successfully prosecuted this suit to judgment and defendant appeals.

At the threshold of our inquiry we are impelled to observe that the failure to make the tenant, then in possession, a party to the foreclosure proceedings, as well as his failure to intervene in those proceedings, has transformed a simple forcible entry and detainer action for possession into a major conflict with multitudinous fronts. It has long been recognized that it is desirable for all persons having an interest in property foreclosed, to be made parties so that unnecessary additional litigation to determine conflicting rights may be avoided. Union Trust and Savings

271

Bank v. Hall, 202 Ill App 578. Nowhere is the wisdom and the desirability of that rule more aptly demonstrated than here.

In attacking the judgment before us the defendant asserts, among other things, that the receiver was not legally appointed because, (a) a plaintiff's bond was fixed by the Court but never filed; (b) the officers of the club were also bondholders and permitted the foreclosure to proceed by default that they might recover interest coupons barred by the statute of limitations, and that the defendant (himself a shareholder in the club) was not made party defendant in foreclosure so that this fraudulent purpose would not be disclosed to the Court; (c) that no actual deficiency existed in the foreclosure; and (d) absent the defendant as a necessary party, the appointment of the receiver was illegal and void.

 The interest of the defendant as shareholder and as tenant embrace separate legal concepts. That his rights under both concepts might have been appropriately heard and adjudicated in the foreclosure proceedings by the simple expediency of making him a party defendant or, in the alternative, by his intervention in that suit seems fundamental. It does not follow, however, that rights under both concepts may be presented in the suit at bar. Forcible entry and detainer is a summary statutory proceeding to adjudicate rights to possession and is unhampered and unimpeded by questions of title and other collateral matters not directly connected with the question of possession. D. J. Bielzoff Products Co. v. James B. Beam Distilling Co., 3 Ill App2d 530, 123 NE2d 135. Certain equitable defenses and counterclaims directly connected with and germane to the right to possession are available to the lessee in the action. Melburg v. Dakin, 337 Ill App 204, 85 NE2d 482; Allensworth v. First Galesburg Nat. Bank and Trust Co., 7 Ill App2d

1, 128 NE2d 600. The claimed defenses above stated do not fall within the perimeter of these rules. They are collateral to the question of possessory rights and could not have been raised by the plaintiff in a contempt proceeding against the defendant for failure to pay rent. Chicago Title and Trust Co. v. Mack, 347 Ill 480, 180 NE 412. Neither are they available here. It is urged that to so hold deprives this defendant of his day in court. Such is not the case. While the failure to make this defendant a party to the foreclosure suit cannot receive a judicial blessing, neither can his failure or refusal to intervene in that suit be used as a back door entrance to a collateral review and a retrial of the chancellor's action in appointing the receiver when a front door, direct approach through intervention was available. There is no nexus between the defendant as a tenant and the defendant as a shareholder. He is limited in this proceedings to an assertion of his rights as a tenant.

 The defendant next contends that the judgment on the pleadings deprived him of his right to a jury trial where residential property is involved. This contention is without merit. Defendant relies on Sec 11a of the Forcible Entry and Detainer Statute, Ill Rev Stats 1959, c 57, § 11a, where it is stated that, "either party may demand a trial by jury, notwithstanding any waiver of jury trial in any lease or contract", involving residential property. This provision patently does not preserve a jury trial in every forcible entry and detainer suit even though residence property is involved. A motion for judgment on the pleadings, like a motion for summary judgment, submits to the court a question of law as to whether or not there is an issue of fact to be tried. Tompkins v. France, 21 Ill App2d 227, 157 NE2d 799. If, under the averments of the pleadings and the admissions made therein, no issue of fact remains, the jury lacks material for proper functioning.

The defendant further contends that he was an indispensable party to the foreclosure suit and that, therefore, the appointment of the receiver is void as to him. Having already noted the desirability of making a tenant in possession a party to a foreclosure proceedings, it does not follow that the appointment of a receiver in such a suit is void as to the tenant. The appointment of a receiver brings the property in custodia legis. Jones v. Hodge, 2 Ill App2d 509, 119 NE2d 806. His possession is in legal effect in the custody of the court for the benefit of all parties in interest. Where, as here, the only claim of the defendant to any interest in the property is as a tenant, there is, as the Court said in Chicago Title and Trust Company v. Herlin, 299 Ill App 429 at page 439, 20 NE2d 333 at page 338, "no absolute necessity that said tenants should have been made parties in order that an effective decree be entered in this cause." The rights of all other parties in interest under the trust deed were adjudicated. No possessory rights of the tenant were determined, nor were they disturbed by that decree. The necessity of a receiver for the collection of rent, payment of taxes, insurance procurement and preservation of the property having been adjudicated where the jurisdiction of the subject matter is patent, the appointment is not void nor is it subject to collateral attack in this proceedings. Chicago Title and Trust Company v. Mack, 347 Ill 480, 180 NE 412; 31 ILP "Receivers" Sec 29, page 208. Moreover, this record shows an additional reason to preclude this defendant from challenging the appointment of the receiver in this suit. This is the second forcible entry and detainer suit filed. In the first suit the defendant pleaded a tender to the receiver of the rent due on three occasions during the first holdover year in order to avoid a forfeiture of the lease for nonpayment of rent, and obtained a dismissal of that suit by agreement. Hav-

ing recognized the judicial paternity of the receiver in that suit by making tender, it would seem that he should be effectively estopped from denying that paternity in this suit.

The defendant next contends that, having obtained no authority from the court of his appointment to institute this specific suit, the receiver cannot maintain it. The order of appointment authorized the receiver "to take charge of the real estate—and to collect the rents, issues and profits thereof—have such further powers as are usual in receiverships in chancery in like cases." The authority to collect rent is not confined to prayful begging on bended knee at the door of the tenant but includes the right to institute appropriate legal action. Stephens v. Reibling, 45 Ill App 40; Smith v. Rubin, 239 Ill App 191. The defendant concedes that the case last cited holds that where the receiver creates the tenancy he may maintain forcible entry and detainer without prior authority from the court of his appointment, but does not recognize general authority in a receiver to institute suits where the tenancy existed prior to the appointment. The distinction escapes us. The acts of the defendant made necessary the institution of this suit to determine and fix the rights of the parties. He is accorded his day in court on his claimed right to possession. Whether that claim to possession is based on a lease of the receiver's own creation or upon a lease antedating the appointment of the receiver, in either event, to carry out the mandate of the court, suit may become necessary. If prior permission of the appointing court is not required in the one instance, no cogent reason appears as to why it should be required in the other. The instant suit was properly instituted by the receiver.

The defendant next contends that the delivery of the Master's deed to the purchasers at the

275

foreclosure sale and its recording on May 23, 1960 just prior to the entry of the judgment we are now considering on June 16th, 1960, effectively terminated the authority of the receiver and the judgment order is therefore a nullity. It should be here noted that the purchasers intervened in this cause and an appeal from the order allowing them to do so is included in the notice of appeal. After the filing of the notice of appeal they were allowed to withdraw without prejudice. Cases cited by the defendant in support of his contention are cases involving suits or disputes between grantees in the Master's deed and the receiver or lessee of the receiver. These cases properly hold that a receiver is without authority to lease beyond the period of redemption and delivery of deed, or to collect rents accruing thereafter or to assert any control over the property after such events. These are the problems of a purchaser. In the instant case the purchasers have joined in the request for relief from the defendant. When the suit was instituted the receiver was entitled to possession and the rights of the parties are determined as of the date the suit is filed and not subsequently. A deficiency judgment exists. Rentals have accrued to the date of sale and thereafter. The determination of the application of these rentals between the parties, the payments of costs and other matters are undetermined. The work of the receiver is incomplete. Under the peculiar facts in this case, the court properly refused to discharge the receiver forthwith upon the delivery of the Master's deed to the purchasers and properly permitted the purchasers to intervene in this suit and adopt the pleading of the receiver. If the possession of the defendant is properly at an end, he may with impunity make settlement of rentals and surrender possession with full knowledge that all parties in interest as to possession are before the court.

276

 ·Lastly, the defendant contends that the judgment on the pleadings was improper because he had withdrawn his answer, filed a motion which was denied and was refused the right to refile his answer and a counterclaim. The right to file a counterclaim in forcible entry and detainer has been recognized where the subject matter is germane to the question of possession. Allensworth v. First Galesburg Nat. Bank, 7 Ill App2d 1, 128 NE2d 600. The factual subject matter of the affirmative matters in the answer and the counterclaim were already in the record in this as well as the first forcible entry and detainer suit. They presented no defense to the receiver's right to possession. In essence, they charge that in the fall of 1958 additional work was required on the greens; that the president of the club required or requested that it be done; that the defendant suggested that it was a major improvement and that he, the defendant, should have a lease for 1959 and "other," "further" or "additional" years on the same terms as 1958; that the president promised the defendant that he would get the premises for 1959 and additional years and he, the president, would get the defendant "a written lease for 1959 and additional years"; that the defendant completed the improvements at a cost to him of $2,500.00; that the useful life of the improvements was five years; that the "additional" years meant 1959 and four years thereafter or in any event meant at least two years because of the use of the word "years" in the plural. The counterclaim then asks the court to "construe and determine the meaning of the oral agreement for lease set forth herein."

It is readily apparent that the defendant treated this alleged agreement not as a lease but as agreement to enter into a lease with the duration thereof undetermined and nebulous. It is clear that there was no meeting of minds as to the term and that the pre-

cise number of years yet remained to be agreed upon. It seems evident that the defendant could not have successfully prosecuted a suit for specific performance, and that the court could only have determined the duration of the alleged agreement by a sojourn into the field of clairvoyance. It is further to be noted that the 1958 lease was for one year and, even though the president was in his third year, and as such had apparently dealt with the defendant with some authority, it is doubtful that he had authority to bind the Country Club by any such agreement. It is well settled that the president of a corporation has no implied authority to make a contract on behalf of a corporation which is unusual or extraordinary. Sachs v. Helene Curtis Industries, Inc., 340 Ill App 76, 91 NE2d 127. The agreement recited in the defendant's pleadings fall within this category. The previous lease was for one year only, the Country Club was insolvent and previous leases were by authority of the Board of Directors. The improvements made were capital in character and, as the defendant alleges, had a useful life of five years. The record here clearly characterizes the proposed agreement as unusual and extraordinary within the prohibition of Sachs. The defendant by his statements and his conduct clearly recognized it as such. As we view this record, we cannot escape the conclusion that the alleged agreement was beyond the power of the president to bind the corporation and of no legal or equitable efficacy as a bar to the suit of the receiver for possession of the property.

The defendant's lease expired by its terms on December 31, 1958. The defendant remained in possession for the year 1959 and, albeit, perhaps until now. His possession through 1959 was accomplished either through agreement or through necessity with the dismissal of the first forcible entry and detainer suit. The facts disclosed by this record are insufficient to

278

breathe new life into his right to continue possession or to furnish the seed bed for the birth of a new lease. His right to possession having expired, its prompt interment ought not be longer delayed. While this suit has not followed the course of the normal forcible entry and detainer suit, it has reached its proper port and the judgment of the Circuit Court of LaSalle County should be, and it is, hereby affirmed.

Judgment affirmed.

DOVE and McNEAL, JJ., concur.