People of the State of Illinois, Plaintiff-Appellant, v. Farlane Bedford, Principal, United Bonding Insurance Co., Surety, Defendants-Appellees.
People of the State of Illinois, Plaintiff-Appellant, v. Ira Lee Jones, Principal, La Salle Casualty Co., Surety, Defendants-Appellees.
People of the State of Illinois, Plaintiff-Appellant, v. Ira Lee Jones, Principal, La Salle Casualty Co., Surety, Defendants-Appellees.
People of the State of Illinois, Plaintiff-Appellant, v. Farlane Bedford, Principal, United Bonding Insurance Co., Surety, Defendants-Appellees.

Gen. Nos. 50,289, 50,290, 50,291, 50,292.

First District, Third Division.

December 16, 1965.

 
 
 █ 

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Edward J. Hladis, Chief of Civil Division, and Joseph V. Roddy, Assistant State's Attorney, of counsel), for appellant.

Woodrow W. Hodge and Howard T. Savage, of Chicago, for appellees.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

The state appeals from an order directing the County Treasurer of Cook County to refund moneys paid by the appellee United Bonding Insurance Co. (United) in satisfaction of a scire facias judgment entered on a bail bond forfeiture. The state contends that the court lacked jurisdiction to enter that order. Three other cases presenting the same issue have been consolidated with the instant one.

United was surety on a bond of Farlane Bedford who was a defendant in a criminal case. The case was set for hearing in the criminal branch of the Municipal Court of Chicago (now a division of the Circuit Court of Cook County) and for nonappearance the bond was forfeited. Scire facias judgment was obtained in a civil branch of the First Municipal District of the Circuit Court of Cook County. After satisfying the judgment United petitioned in the same branch of the Municipal District for a refund order pursuant to Ill Rev Stats ch 38, sec 625g (1963) which provides:

> "All moneys realized on forfeited bonds and recognizances . . . shall be deposited in the county treasury . . . and . . . shall be held for a period of 36 months from the date of the forfeiture of such

recognizance or bond. At any time within such 36 month period the court wherein the forfeiture occurred may upon motion . . . and upon a showing that the defendant who incurred such forfeiture has been apprehended or surrendered . . . enter an order for the return of such money. . . ."

United alleged that the defendant had surrendered in open court within the statutory period and therefore it was entitled to a return of the forfeited bail. The state moved to dismiss for lack of jurisdiction of the subject matter. The court ordered the return.

██ The state contends that in the instant case the statutory language, "the court wherein the forfeiture occurred," refers to the branch of the municipal district which entered the bond forfeiture and does not refer to the branch which entered the scire facias judgment on the bond forfeiture. Article VI, Section 9, of the Illinois Constitution provides: "The Circuit Court shall have unlimited original jurisdiction of all justiciable matters. . . ." The allocation of judicial responsibility to various branches within the Circuit Court does not detract from this grant of power. If the state believed it was being heard in an inappropriate subdivision or department of the Circuit Court, it should have made a motion for transfer.

The state also contends that the refund provision does not apply to moneys realized from bond forfeitures by way of scire facias judgments. This construction would reduce its scope to those bond forfeitures paid voluntarily before the entry of final judgment. The intent of the legislature was not that narrow. The judgment is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SULLIVAN, J., concur.