MARINE PARK ASSOCIATES, BY M. MYERS MANAGEMENT, INC. AGENT, Plaintiff-Appellee, *v.* MRS. JEAN JOHNSON, Defendant-Appellant.

(No. 54459; ▮)

First District—August 27, 1971.

TRAPP, J., dissenting.

Gordon H. S. Scott, Sherwin S. Kaplan, and Jonathan M. Hyman, of Chicago, for appellant.

Gordon, Greenbaum & Browne, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of this court:

This appeal is controlled by *Rosewood Corporation v. Fisher*, 46 Ill.2d 249, 263 N.E.2d 833. The issues are similar. Both involved proceedings under the Forcible Entry and Detainer Act. (Ill. Rev. Stat. 1967, ch. 57.) In *Rosewood*, the defendants were contract purchasers, while here, defendant is a lessee. In both instances, plaintiffs sought possession, defendants resisted, and sought to introduce by way of answer, affirmative defense and counterclaim, matters (in *Rosewood*) going to the validity of the contracts on the basis, among many, that they were in violation of defendant's civil and constitutional rights, and (here) the right of the plaintiff to terminate (or fail to renew) an apartment lease because of racial discrimination encompassing civil and constitutional issues. We will see how the two cases intertwine and why *Rosewood* is controlling.

■■ Section 5 of the Forcible Entry and Detainer Act provides that a defendant may give in evidence any matters in defense but not matters not germane to the distinctive purpose of the proceeding, which is to say, of course, that matters which are germane to "the distinctive purpose of the proceeding" can be introduced. In *Rosewood* "germane" was defined as meaning closely allied or related or connected, relevant, pertinent and appropriate, quoting Webster's New 20th Century Dictionary, page 767. Here, and in *Rosewood*, the asserted defenses and counterclaims at least at the trial level, were characterized by the court as nongermane in a summary possessory action and such defenses and counterclaim were stricken and judgment rendered for the plaintiffs.

Specifically, here, in defense and by way of counterclaim it was alleged that plaintiff had terminated or refused to renew the lease because defendant was a Negro and that she had a right not to be so discriminated against with regard to housing as such right was secured to her by Title VIII of the 1968 Civil Rights Act, 42 U.S.C.A., § 3604(a)(b) and by 42 U.S.C.A., § 1982. The counterclaim for $1,000.00 punitive damages was based on 42 U.S.C.A., § 3612(c), which provides for such where such circumscribed discrimination has been practiced. These defenses and counterclaim were stricken as we have said, as being not germane to the distinctive purpose of the action. Besides nongermaneness, plaintiff in

addition argues that the Municipal Department of the Circuit Court of Cook County when this appeal is taken was not a court of general jurisdiction with power in a forcible entry and detainer action to grant the relief requested of declaring a lease to be either renewed or extended and allowing punitive damages. In *Rosewood* it was held that such defenses going to the validity and enforceability of the contract were germane to the distinctive purpose of the proceeding and therefore improperly stricken. In other words, the equitable defenses seeking equitable relief were germane.

■■ It has not always been so in forcible entry and detainer actions, possibly because the courts in which this action could be brought were not always ones of general jurisdiction, *i.e.*, had no equitable powers. Indeed, without redacting the cases, it is a fair statement to say that this species of summary proceeding presented a single question: Is plaintiff entitled to possession? Or is defendant's withholding of possesion unlawful? The pleadings were and are just that simple. Indeed, the defendant "need not file an answer unless ordered by the court; and where no anwer is ordered, the allegations of the complaint will be deemed denied, and any defense may be proved as if it were specifically pleaded". (Supreme Court Rule 181(b)(2).) Though section 11 of the Forcible Entry and Detainer Act directs that the provisions of the Civil Practice Act shall apply "except as otherwise provided", the question presented was always considered to be the narrow one we have just outlined. But, in *Rosewood*, the application of the CPA was held to effect the same fusion of law and equity taken for granted in other proceedings "sufficient to permit necessary equitable relief in these [Forcible Entry and Detainer Act] proceedings, rather than to force upon defendants a separate proceeding where the same relief would be forthcoming." Recognized was the sweep of the holding:

"It does not escape us that the construction we have placed upon the act may interfere with the summary aspects of the remedy, when it is involved against contract purchasers. But the right to such purchasers to be heard on relevant matters, and to be secure in their constitutional rights, as well as the desirable purpose of preventing a multiplicity of suits, is, and must be, superior to the desire to provide a speedy remedy for possession."

■■ This answers, too, in our opinion, the contention of plaintiff that the Municipal Department of the Circuit Court of Cook County was without jurisdiction, if we keep in mind that there is only one Circuit Court in Cook County, and such court has "unlimited jurisdiction of all justiciable matters". (Ill. Const., art. VI, sec. 9.) As defendant points out, the Municipal Department is an adjunct of this court of general jurisdiction and

by definition has the same powers and it is not separate and distinct with recognizable jurisdictional limitations as to its inherent power, though, such limitations may have been administratively applied for purposes of convetnience. Apropos is the following from *People v. Bedford*, 65 Ill.App.2d 341, 212 N.E.2d 872: "Article VI, Sec. 9 of the Illinois Constitution, S.H.A. provides: 'The Circuit Courts shall have unlimited original jurisdiction of all justiciable matters * * *.' The allocation of judicial responsibility to various branches within the Circuit Court does not detract from this grant of power." We conclude that the court hearing this matter had jurisdiction to hear and determine the issues presented in answer and by counter-claim to the complaint of plaintiff.

Finally, plaintiff argues that the lease has expired and that plaintiff is in fact claiming that she is entitled to an extension or renewal of her lease. The argument goes that this claim is not a *defense* to a suit for possession, but rather a new claim or a counterclaim under 42 U.S.C., sec. 3612, which implements 42 U.S.C., sec. 3604(a), 42 U.S.C., sec. 1982, and must be asserted in a new suit in either the Circuit Court of Cook County or in the District Court. Plaintiff points out, correctly, that such suit could have been initiated after the filing of the forcible entry and detainer action, and she could have obtained a temporary restraining order, assuming entitlement.

■■ But this argument smacks very much of the previous one— mongermaneness. Again, the question: Is the assertion of a claim under 42 U.S.C., sec. 3604(a) and sec. 1982, germane to the distinctive purpose of determining plaintiff's right to possession? The answer, we think, is that whether possession is sought by reason of lease termination or refusal to renew, if based upon the rights enunciated and protected by these sections, then such is pertinent and germane under *Rosewood* to the distinctive purpose of the proceeding and can be introduced by "joinder, counterclaim or otherwise". Paraphrasing *Rosewood*, defendant should not be forced to initiate a separate proceeding where the same relief might be forthcoming in the present one. We believe, as the court did in *Rosewood*, with regard to contract buyers, that a lessee may plead equitable defenses and be given equitable relief if it is established that the termination or the failure to renew are in violation of her civil rights as contended. The language of 42 U.S.C., sec. 3604(a) is, shall we say, germane, at this juncture: "It shall be unlawful—(a) to refuse to sell or rent after making a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make available or deny, a dwelling to any person because of race, color, religion, or national origin." Defendant's claim is based on this section—refusal to renew or the termination itself —and if true, such presents an equitable defense. In pleading equitable

defenses, we should point out that one asking aid of equity is required to do equity. Again, from *Rosewood*: "A necessary concomitant of the seeking of relief through equity is a willingness to do equity. This is fundamental in equity jurisprudence." Defendant has asserted that the attempt by plaintiff to terminate or failure to renew the lease is because she is a Negro, thus an equitable defense. Concomitantly, she must, at the very least, offer to do equity. Such can be handled on remand by appropriate amendment, and the court can then proceed to hear the issues raised in defense and in counterclaim and the plaintiff's reply and answer thereto, which leave to so file shall be accorded to plaintiff should he desire to do so.

■■■ These federally sanctioned rights, we should note before closing, can be sought in a state court of general jurisdiction—such as the Circuit Court of Cook County. 42 U.S.C., sec. 3612, provides in part: "Rights guaranteed [by Sec. 3604(a)] may be enforced by civil actions in appropriate United States District Courts * * * and in appropriate state of local courts of general jurisdiction." Sub-section (c) of this section provides not only for the reward of punitive damages—not more than $1000—but reads that "the court may grant as relief, as it deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order * * *." With this grant, the Circuit Court of Cook County on remand is in a position to determine the rights of the parties and to accord to each their due.

Reversed and remanded with directions to proceed in a manner not inconsistent with the views herein expressed.

Reversed and remanded, with directions.

CRAVEN, J., concurs.

Mr. JUSTICE TRAPP, dissenting:

Upon the fact of this case, I must dissent from the position that *Rosewood* controls the disposition of this case. As framed, the opinion does not make clear a relevant fact, *i.e.*, that the defendant was not a lessee of the plaintiff, and in fact had no established legal or contractural relation with the plaintiff.

In *Rosewood*, the sellers were seeking to recover the possession of premises upon the authority of the provisions of an executory installment contract for sale of real estate. The court noted that the defendants were entitled to possession under such contract as equitable owners, and that judgment in the statutory action would bring the loss of substantial accumulated equities held by the defendants. It was pointed out that for purposes of the statutory action, such facts clearly distinguished these

470

defendants from tenants and that the equitable defenses of fraud or usury in the contract were fairly said to be germane in determining the right to possession. In short, the seller should not be permitted to recover possession through the provisions of a contract which was itself subject. to challenge upon equitable grounds.

Here, the Chicago Housing Authority leased the premises from plaintiff beginning on June 1, 1968. While such lease had a provision for automatic renewal, such was subject to negation by either party upon giving written notice sixty days prior to the end of the term. Plaintiff gave such notice to the Authority on March 29, 1969. The latter lessee does not challenge the action.

Defendant became a sub-tenant by virtue of a lease from the Authority for a term of one year beginning on June 1, 1968. Defendant's lease from the Authority contained a provision for termination by thirty days written notice with a clause that the exercise of the right of termination by either party is "* * * unqualified and unrestricted, nor need any reason be given therefor." The Authority gave the notice on May 29, 1969, to be effective June 30, 1969. Under the circumstances, the Authority was not entitled to possession for purposes of the subsequent action for possession for its lease had expired by its terms.

Defendant's counterclaim seeks an order that the plaintiff make a new and further lease with the Authority. Neither this nor the asserted matters of defense are the same thing as ascertaining whether or not an executory contract is unconscionable. I doubt that the expiration of a lease by its terms can be transmogrified into an equitable defense upon the holding of *Rosewood*. The issues appealed are not truly germane to this action for possession. The order of the trial court should be affirmed.