HARRY FREDMAN, Plaintiff-Appellee, *v.* KENT CLORE *et al.*, Defendants-Appellants.

(No. 72-332;

Third District—August 24, 1973.

STOUDER, J., dissenting.

Whitney Hardy, of Land of Lincoln Legal Assistance Foundation, of Danville, for appellants.

Herbert Fredman, of Peoria, for appellee.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

Harry Fredman, the plaintiff, is the owner of an apartment building in the City of Peoria and on November 15, 1971, he entered into an oral agreement with Kent and Kathy Clore as to the rental of an apartment within the building on a month to month basis for the consideration of $112.00 per month.

During the months of February, May and August of 1972 inspections were conducted by the Peoria Department of Environmental Development of the apartment rented by the defendants and of the apartment building generally. Certain violations of the Peoria Housing Code were found, i.e., leaking roof, falling plaster, peeling paint, improper wiring, inadequate heat, and plaintiff was notified as to these violations and directed to correct them.

The defendants allege in certain pleadings that the defendant was aware of some of the defects at the time they rented their apartment and agreed to have them remedied. Also the defendants allege that the inspections made by the Department of Environmental Development were made pursuant to their complaint.

On June 13, 1972, the defendants commenced making payment of their rental money to the Director of the Department of Environmental Development pursuant to section 16—113.5 of the Peoria Housing Code, which provides:

"Sec. 16—113.5 After inspection and due notice of violation by the Director, any tenant directly affected by a violation of this Code by the owner or lessor, and so long as the violation exists, may place all rents due to the owner or lessor in escrow with the

consent of the Director. The Director shall hold the rents in a separate account, as Escrow Agent for the tenant, until such time as the violation is corrected and if the owner is prosecuted, convicted and fined, until such fine and costs are satisfied in full. Thereupon, the Director shall release the escrowed funds or so much as may remain less any fine and costs to the owner or lessor."

On July 13, 1972, the defendants received from the plaintiff notice to terminate the lease agreement of their apartment within thirty days and the notice was given pursuant to Ill. Rev. Stat., ch. 80, sec. 6, the applicable portion of which states:

"In all cases of tenancy for any term less than one year, other than tenancy from week to week, where the tenant holds over without special agreement, the landlord may terminate the tenancy by thirty days' notice, in writing, and may maintain an action for forcible entry and detainer or ejectment."

On August 15, 1972, the defendants filed in the circuit court of Peoria County a verified complaint for a declaratory judgment and injunctive relief against the plaintiff, the City of Peoria, and the Director of the Department of Environmental Development of the City of Peoria which sought (1) compensating damages in the amount of the sum of rent paid to the plaintiff, (2) a mandatory injunction against the plaintiff directing him to repair the premises in a manner to meet the minimum requirements of the housing code, (3) a permanent injunction enjoining plaintiff from seeking eviction proceedings against the defendants, (4) a mandatory injunction against the Director of the Department of Environmental Development directing him to perform a thorough inspection of the premises and further directing him to report all violations of the Housing Code to the court, (5) a mandatory injunction requiring the Director of Environmental Development to continue accepting rental payments and to place them in escrow, and (6) reasonable attorney fees, court costs and other relief as the court might deem proper.

On August 17, 1972, the plaintiff filed an action which results in this appeal, namely a suit in forcible entry and detainer against the defendants. This suit was predicated upon the statutory provisions found in Ill. Rev. Stat. 1971, ch. 80, sec. 6. The defendants filed a motion to dismiss this action or in the alternative to have it consolidated with their previously filed suit for declaratory judgment and injunctive relief. The plaintiff filed an answer to this motion and also a motion for summary judgment which was supported by affidavit. The defendants filed a reply to the plaintiffs' answer, and both parties filed additional affidavits in

support of their various pleadings. Lastly, as far as the pleadings are concerned, the defendants filed an answer and set forth affirmative defenses to the plaintiff's action in forcible entry and detainer.

On November 6, 1972, the circuit court of Peoria County denied the defendants' motion to dismiss or consolidate and granted the plaintiff's motion for summary judgment and possession of the premises in question. This appeal stems from this order of the trial court.

The defendants raise several issues in this appeal, the first of which is that the trial court erred in denying their motion to dismiss the forcible entry and detainer action, or in the alternative consolidating it with the previous action filed by them.

■■■ With this contention of the defendants we do not agree. Their motion to dismiss or consolidate was filed pursuant to Ill. Rev. Stat., ch. 110, sec. 48(c), which provides:

"48. Involuntary dismissal based upon certain defects or defenses. (1) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleadings attacked the motion shall be supported by affidavit:

(a) * * *
(b) * * *
(c) That there is another action pending between the same parties for the same cause."

The defendants' motion to dismiss or consolidate on its face does not satisfy the statutory requirements in that it fails to identify any other pending action between the same parties for the same cause. Nor was this failure corrected by a supporting affidavit, which is understandable since it would have been impossible to do so. Section 48(c) of chapter 110, Ill. Rev. Stat., in order to become operative requires an identity of parties and causes between two actions before a motion for dismissal or consolidation can be found to be well taken. In the instant case no such identity is present since the parties are the plaintiff Harry Fredman and the defendants Kent and Kathy Clore, while in the suit filed by the defendants we find the Clores as plaintiffs pitted against the defendants Harry Fredman, The City of Peoria, and the Director of the Department of Environmental Development for the City of Peoria. As to the identity of "causes" set forth in the two suits we find no resemblance whatsoever. True that they both stemmed from the same rental agreement, but there the identity ceases. One suit, namely the one now before us, is an action in forcible entry and detainer which

presents the issue as to right of possession of rented premises. The other is a class action in equity seeking compensatory damages, injunctive relief and attorney fees. The purpose of section 48 (c) of the Civil Practice Act is to foster orderly procedure by preventing a multiplicity of actions. (*People ex rel. Lehman v. Lehman*, 34 Ill.2d 286, 215 N.E.2d 806.) To have granted defendants' motion to dismiss or consolidate would have resulted in a situation that would have presented such divergent theories and different prayers for relief that a most difficult if not impossible trial would have been presented to the trial court. We believe that the trial court correctly denied the defendants' motion.

■■ The defendants further contend that the public policy of the State of Illinois and the duty of every person is to provide and maintain a healthful environment and that every person has a right to such environment and in support of this contention cites the Illinois Constitution, 1970, article XI, sections 1 and 2, as well as the Municipal Housing Code of the City of Peoria and Ill. Rev. Stat., ch. 80, sec. 71. We quarrel not with this contention of the defendants. Our constitution does in fact set forth such a policy. We also recognize that the provisions of the Housing Code of the City of Peoria and the Landlord and Tenant Act cited by the defendants both provide for the protection of tenants from a retaliatory eviction should they complain to certain authorities as to violations of a building code by an owner. In examining the record we fail to find any evidence that the plaintiff was aware of the defendants' complaints as to his violation of the Building Code in the City of Peoria. The defendants in their pleadings aver that the defendant was aware of their complaints but a mere allegation is not sufficient to create a material issue of fact. Mere allegations or denials in pleadings controverted by affidavit are insufficient to create a genuine issue as to a material fact. (*St. Louis Fire and Marine Insurance Co. v. Garnier*, 24 Ill.App.2d 408, 164 N.E.2d 625.) The defendants' argument that the plaintiff's suit for possession is an act of retaliation presupposes that the plaintiff had knowledge of complaints as to building code violations. The only reference as to such awareness on the part of the plaintiff is found in the pleading of the defendants. Such allegations can only be considered as self-serving and are not sufficient to invoke the provisions of the retaliation provision contained in the Housing Code of the City of Peoria or in our state statutes.

The defendants further urge that if the rights they claim as tenants, to-wit, a healthful environment and freedom from retaliatory actions are not deemed to be a "special agreement" encompassed by Ill. Rev. Stat., ch. 80, sec. 6, then such statute is unconstitutional. We have already

determined that there is no basis for the defendants' charge of "retaliatory action" on the part of the plaintiff so it is unnecessary for us to consider this attack on the constitutionality of the statute.

██ In analyzing the argument of the defendants it becomes clear that they want this court to hold that in a forcible entry and detainer suit when no rent is claimed by the landlord the tenants may nevertheless raise equitable defenses in an effort to defeat the claim for possession. The defendants desire that this court extend the holding in *Jack Spring, Inc. v. Little*, 50 Ill.2d 351, 280 N.E.2d 208, so as to permit equitable defenses in an action where no rent but only possession is claimed. In *Spring* our supreme court held that where the landlord claims rent due, the tenants claim for damages, resulting from a breach of implied warranty of habitability, can be raised to determine the issue of whether the tenant owes the landlord any rent. It should be noted that our supreme court specifically limited the application of the law as set forth in the case of *Spring* by stating:

> "* * * [W]e 'make clear precisely what this case does not involve.' It does not involve nor purport to adjudicate issues which might arise in an action based on notice given in accordance with any section of the Landlord and Tenant Act (Ill. Rev. Stat. 1969, ch. 80) except section 8, which is here specifically involved."

We are concerned with an action based on notice given in accordance with section 6, not section 8, of the Landlord and Tenant Act and in view of the precise limitation set forth in *Spring* we deem the holding in that case inapplicable to the instant case and further consider the "limitation" as an admonition against extending the law as set forth in *Spring* to actions resulting from other sections of the Act.

For the reasons set forth we hereby affirm the trial court's order denying the defendants' motion to dismiss or consolidate and its further order granting plaintiff's motion for summary judgment.

Affirmed.

DIXON, J., concurs.

Mr. PRESIDING JUSTICE STOUDER dissenting:

I do not agree with the majority of the court. In my opinion the trial court was in error in its holding that the defense of retaliation is inappropriate in this forcible entry and detainer action. The final order issued by the trial court granting plaintiff's motion for summary judgment states matters germane to the distinctive purpose of the proceedings are not raised. Although my colleagues address their attention initially to the question of whether there is a basis for the defendants'

defense of retaliation, the basis for the defense does not become an issue until a determination is made as to whether the defense is procedurally appropriate.

According to section 5 of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1971, ch. 57, par. 5), matters not germane to the distinctive purpose of the proceeding shall not be introduced. The purpose of this summary statutory proceeding is to adjudicate rights to possession and the proceeding should not be impeded by collateral matters not directly connected with the question of possession. (*Bleck v. Cosgrove,* 32 Ill. App.2d 267, 177 N.E.2d 647.) Matters which are germane to the question of the litigant's right to possession may be raised in these proceedings. (*Rosewood Corp. v. Fisher,* 46 Ill.2d 249, 263 N.E.2d 833.) In *Rosewood,* defendants raised defenses going to the validity and enforceability of the contracts upon which plaintiffs based their claim of right to possession. The court held these defenses were germane to the distinctive purpose of a forcible entry and detainer action. In *Marine Park Associates v. Johnson,* 1 Ill.App.3d 464, 274 N.E.2d 645, the court in a forcible entry and detainer action brought by the lessor, allowed the lessee to raise a defense based on the Civil Rights Act of 1968 after the lessor refused to renew a lease on the apartment because of racial reasons.

In recent cases where a landlord has sought possession through a forcible entry and detainer action based on failure of a tenant to pay rent, the Illinois Supreme Court has held the tenant may raise issues pertaining to the question of whether the tenant owes rent which is due and unpaid. (*Jack Spring, Inc. v. Little,* 50 Ill.2d 351, 280 N.E.2d 208, and *Peoria Housing Authority v. Sanders,* 54 Ill.2d 478, 298 N.E.2d 173.) The defenses raised were based on allegations of breach of express covenant to repair, breach of implied warranty of habitability and an unconstitutional rental policy. The question of whether rent is owed is germane to the question of who has the right to possession. Since plaintiff does not base his right to possession on failure to receive rent from defendants, the defense raised in the present case is different from those in the above cases. Nonetheless, I believe it should be considered germane since it relates to who has the superior right to possession.

Defendants claim the notice to vacate sent to them by plaintiff was in violation of section 16—118 of the Housing Code of the City of Peoria. That section reads:

> "Sec. 16—118 Retaliatory Eviction by Owner
> No owner or lessor shall evict or cause to evict or terminate the tenancy of a rentor or lessee solely as retaliation because that rentor or lessee complains to the City of Peoria or the Circuit Court of Peoria County against the owner charging the owner

with violation of this Code or with violation of any warranty of habitability accruing to the rentor or lessee from the owner.

The fact that the rent or lease consideration of the rentor or lessee is not more than thirty (30) days delinquent at the time the owner gives notice of eviction or termination of lease or rental and the fact that, within six (6) months prior to the notice of eviction or termination of the lease or rental, the rentor or lessee has not been convicted of creating a nuisance at the dwelling or dwelling unit from which eviction is sought and the rentor or lessee has not been convicted of violation of sections 16—116 and 16—117 of this Code, shall be prima facie evidence that the eviction or termination of lease or rental by the owner is solely retaliatory because that rentor or lessee has complained against the owner charging him with violation of this Code.

Any person convicted of violating this section shall be fined not less than two hundred dollars ($200.00) nor more than five hundred dollars ($500.00)."

Section 71 of the Landlord and Tenant Act (Ill. Rev. Stat. 1971, ch. 80, par. 71) recognizes a similar right of a tenant to be free from retaliatory actions by a landlord. This section reads:

"It is declared to be against the public policy of the State for a landlord to terminate or refuse to renew a lease or tenancy of property used as a residence on the ground that the tenant has complained to any governmental authority of a bona fide violation of any applicable building code, health ordinance, or similar regulation. Any provision in any lease, or any agreement or understanding, purporting to permit the landlord to terminate or refuse to renew a lease or tenancy for such reason is void."

The historical note following this section in the Illinois Annotated Statutes (S.H.A. ch. 80, par. 71) states that the Act is "to protect the right of tenants to complain of violations of governmental regulations." When a defense raised is based on rights set forth in a statute or code section which limit a landlord's right to terminate a lease and regain possession, this is surely related to a landlord's possessory rights. Although there is an absence of Illinois cases based on similar fact, there is other judicial authority relating to the problem facing the court under similar eviction statutes in other states. In *Edwards v. Habib* (1968), 397 F.2d 687, cert. denied (1969), 393 U.S. 1016, the court held landlords could not use eviction statutes to retaliate against tenants invoking their rights under housing and sanitation codes of the District of Columbia. The landlord had given the tenant who rented on a month to month

basis, a notice to vacate after the tenant complained to the District of Columbia housing officials of violations of the code which the landlord refused to repair. The court said the code impliedly effected a change in the rights of landlords and tenants so that retaliation constituted a defense in an action of eviction. The Supreme Court of California in *Schweiger v. Superior Court of Alameda County,* 3 Cal.3d 507, 90 Cal. Rptr. 729, 476 P.2d 97, found a tenant could defend an unlawful detainer action on grounds that the landlord increased rent and commenced an action for eviction in retaliation for a tenant's demand that certain repairs be made. The court stated, "If we deny tenants a defense against retaliatory eviction in unlawful detainer actions, we lend the exercise of judicial process to aid landlords in punishing those tenants with the audacity to exercise their statutory rights."

It is in the public interest to require a landlord to maintain leased premises in a habitable condition and tenants have the right to complain of code violations. The effect on this statutory right would be to treat it as a nullity if landlords were allowed to invoke a forcible entry and detainer action whenever a tenant complains of code violations. It is hard to imagine how a defense alleging that the landlord terminated a lease and is seeking possession in retaliation and in violation of a statute, can be said to be collateral to the distinctive purpose of a forcible entry and detainer action. The defendants are merely seeking to assert their paramount right to possession by stating facts upon which they base their right. It is maintained by my colleagues that to permit such defense would be an extension of the holding in *Jack Spring Inc. v. Little,* 50 Ill.2d 351, 280 N.E.2d 208, since plaintiff's claim to possession is not based upon failure to pay rent. The statute does not require possession to be based upon rent before a germane matter can be introduced by defendants. Also, in cases such as *Rosewood, supra,* and *Marine Park, supra,* possession is claimed with no question of rent being involved. Furthermore, I do not believe the Illinois Supreme Court in *Spring* set forth an admonishment against application of the law allowing germane defenses in different factual situations, rather, it merely stated the court was not adjudicating issues other than the precise issue before it. In fact, it seems to me that *Spring* requires the defenses raised in this case be permitted in a forcible entry and detainer action. Otherwise the landlord's duties and obligations may be easily and simply evaded, thereby nullifying the holding in *Spring.* In this connection it should also be observed the plan contemplated by Peoria's ordinance for payment of rent to the housing administration obviates some of the problems and objections raised in the dissenting opinions in the *Spring* case. The tenant

is required to make the rental payment agreed upon during the continuance of the controversy and cannot arbitrarily decline to make payments to anybody on the excuse the property is in poor condition.

Both the trial court and the majority determined retaliation was an inappropriate defense, nevertheless both ruled there were no facts relating to retaliation presented in the pleadings and affidavits. Having found the defense not germane, it is difficult to understand how either could consider the sufficiency of facts constituting retaliation. The conclusion reached by the majority which proclaims an absence of facts showing plaintiff was aware of the defendants' complaints of his violation of the Peoria Building Code is contrary to my belief. The defendants started making rental payments to the Director of the Department of Environmental Development pursuant to section 16—113.5 on June 13, 1972. However, the plaintiff did not give defendants notice to vacate until a month later on July 13, 1972. It is stated in the affidavit of Frank E. Naven, Director of the Department of Environmental Development of the City of Peoria, that he notified plaintiff on June 13, 1972, the future rental payments on defendants' apartment would be held in escrow until all violations had been corrected. In an affidavit by defendant, Kent Clore, he states in June, 1972, Mr. Harry Fredman stated more than once that no repairs would be made until defendants moved out. There is no denial by plaintiff of these facts nor does he at any time state he was not aware of the complaints made by defendants. In fact, he states in his affidavit notice was not initiated for retaliatory reasons but in preparation to upgrade the condition of the premises. No facts are stated in the affidavit and therefore, there is no basis to determine what his intention was for such plans for upgrading. The affidavit falls short of the requirements for an affidavit set forth in the Illinois Supreme Court Rules (Ill. Rev. Stat. 1971, ch. 110A, sec. 191), and therefore, could not in any event form a basis for summary judgment. Also, plaintiff's affidavit by attempting to negate an inference of retaliation is an indication that plaintiff knew of defendants' complaints of building code violations. Section 16—118 of the Peoria Housing Code cited above, sets the requirements for establishing prima facie evidence of retaliation. Applying those requirements to this case; first, the defendants are not more than 30 days delinquent in rent at the time the owner gave notice of termination, and second, the defendants have not been convicted of creating a nuisance at the dwelling nor convicted of section 16—116 (Reckless Criminal Damage by Occupant) nor 16—117 (Wilful Criminal Damage by Occupant). Defendants have alleged these facts in the pleadings and affidavits and it therefore seems to me a question of fact on the issue of retaliation is raised. Due to the fact it is not clear whether the trial judge ruled on

the question of whether there were sufficient facts to constitute the defense of retaliatory eviction, I would reverse and remand directing the court to consider the defense.

Finally, I believe the trial court erred in denying defendants' motion to consolidate this action with the prior action initiated by the defendants. The majority bases its affirmance of the denial on section 48, Subsection 1 (c) of the Civil Practice Act (Ill. Rev. Stat., ch. 110, par. 48, subpar. 1 (c)). Only a motion to dismiss is governed by this section. A different section of the Civil Practice Act, section 51 (Ill. Rev. Stat., ch. 110, par. 51), governs a motion to consolidate. It provides, "* * * actions pending in the same court may be consolidated, as an aid to convenience, wherever it can be done without prejudice to a substantial right." Under the Civil Practice Act, consolidation has been effected where parties are not the same and where the plaintiff in one action is the defendant in the other. (See, 3 Nichols Illinois Civil Practice, sec. 2530, at 144.) It is apparent the subject matter of the suits and the rights of plaintiff and defendants are the same in both actions. Since the two actions contained common questions of law and fact, it would be most convenient for the court to hear and determine the cases at the same time. Prejudice to a substantial right of a party is not likely to occur. If retaliation is an inappropriate defense as considered by the majority of the court, the necessity of consolidating the actions becomes even more apparent. Although consolidation is in essence discretionary with the court, I believe the court should have granted the motion to consolidate. However, standing alone, I do not consider such denial as reversible error.