LLOYD LaFOND, Plaintiff-Appellant, *v.* ALLAN M. PICKUS, Defendant-Appellee.

Second District No. 76-387

Opinion filed September 11, 1978.

Roger A. White and Carey J. Schiever, both of White & Roux, of Lake Bluff, for appellant.

Thomas E. Evans, III, and Alfred W. Lewis, both of Wasneski, Yastrow, Kuseski & Flanigan, of Waukegan, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an appeal from an order granting summary judgment to defendant, Allan Pickus. Plaintiff, Lloyd LaFond, filed a complaint pursuant to section 9 of the Structural Work Act (Ill. Rev. Stat. 1973, ch. 48, par. 69). The complaint was filed against defendant as an individual and against the owner of the land on which plaintiff was injured while working on a construction project. It alleges, *inter alia,* that defendant Pickus was the architect for the construction project, that defendant was, in that capacity, in charge of the construction and responsible for its supervision, and that defendant failed to comply with the provisions of the Structural Work Act.

Defendant's motion for summary judgment, supported by affidavit, alleges that defendant, in his individual capacity, neither entered into a contract to perform architectural services for the project nor did he, in his

individual capacity, in fact perform such services, but rather that all architectural work for the project was performed by the Pickus Construction & Equipment Company. Plaintiff's affidavit in response to the motion for summary judgment asserts that the contract between the landowner and Pickus Construction Company, as contractor, represents that the architectural work for the project was to be performed by "Allan M. Pickus, Architects." This contract so states, and was signed by Edward Pickus on behalf of Pickus Construction Company. Defendant's signature appears nowhere on either the construction contract or on the preliminary design contract.

In reviewing the trial court's decision, we must decide whether, considering the record as a whole, it was correct in determining that there is no genuine issue as to any material fact in this cause. We note initially that the record gives no indication as to what type of legal entity Allan M. Pickus, Architects, is. We note also that there is no indication in any document relating to the construction project that would show that defendant, in his individual capacity, was involved in any way in the project. Further, plaintiff's own affidavit recites that Allan M. Pickus, Architects, was the architect for the project, not Allan M. Pickus. Plaintiff's affidavit therefore directly conflicts on this point with his complaint. Defendant's affidavit, incorporating his pleadings by reference, denies that he was the architect, denies that in his individual capacity he was involved in any way with the matters stated in the complaint, and denies that he failed to comply with the Structural Work Act.

Mere allegations or denials in pleadings which are controverted by affidavit are insufficient to create a genuine issue as to a material fact. (*Fredman v. Clore* (1973), 13 Ill. App. 3d 903, 301 N.E.2d 7, *aff'd in pt. & rev'd in pt. on other grounds* (1974), 59 Ill. 2d 20, 319 N.E.2d 18.) In the cause before us, while plaintiff's pleadings allege that defendant was the project's architect and as a result thereof was in charge of the construction, all the affidavits, including plaintiff's, controvert this allegation. Our view of the record then is that there is no genuine issue as to the material fact that Allan M. Pickus, Architects, not defendant, was the architect for the project. Because defendant was not the architect, it must follow that plaintiff's allegation that defendant was in charge of construction based upon his position as the architect must fail. If defendant was not in charge of the work, the action under the Structural Work Act must fail as well.

The decision of the circuit court is accordingly affirmed.

Affirmed.

RECHENMACHER and BOYLE, JJ., concur.