(No. 97-CC-2097—

THINKING MACHINES CORPORATION, Claimant, *v.* THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, f/b/o NATIONAL CENTER FOR SUPERCOMPUTING APPLICATIONS, Respondent.

*Order filed May 13, 1998.*

*Order on petition for rehearing filed September 28, 1998.*

SHEFSKY & FORELICH (JACK HAGERTY, of counsel), for Claimant.

REGINA B. HAASIS, for Respondent.

ORDER

Hess, J.

This cause comes before the Court on motions of Respondent to (i) dismiss or strike verified complaint and (ii) transfer venue. For the reasons discussed below, Respondent's motion to dismiss is granted.

On December 26, 1996, Claimant filed with the Court Clerk a two-count complaint requesting in count I that this Court enter a declaratory judgment in Claimant's favor and against Respondent with respect to certain rights, and in count II alleging breach of contract.

Before proceeding, it would be beneficial to establish the following time-line of events:

31 Mar. 1992 Claimant and Respondent enter into a lease, support and software license agreement (the "agreement").

31 Mar. 1992 The agreement is amended ("amendment #1").

06 Aug. 1992 The agreement is amended ("amendment #2").

02 Feb. 1993 Notice of assignment advising Respondent that Claimant has assigned all right, title and interest in, to and under the Agreement, and the right to receive payments to LaSalle Bank of Lisle ("LaSalle"), an Illinois Bank Corporation.

05 Feb. 1993 Claimant executes in favor of LaSalle, an assignment (the "Assignment") of the Agreement.

26 Dec. 1996 Claimant files its complaint with the Court Clerk.

25 Mar. 1997 Respondent files its motion to dismiss or strike Claimant's complaint.

23 Apr. 1997 Claimant secures a letter agreement (the "letter agreement") from LaSalle addressing the concerns of Respondent that Claimant has expressly assigned all of its interest, including rights and remedies, to LaSalle.

19 May 1997 Claimant files its response to Respondent's motion to dismiss or strike Claimant's complaint.

16 Jun. 1997 Respondent files its reply to the response of Claimant.

In its motion to dismiss, Respondent argues that Claimant lacks standing to bring an action for declaratory judgment. Respondent cites a number of cases holding that a party seeking declaratory judgment must possess a personal claim, status, right, or distinct injury which is fairly traceable to Respondent's conduct, that is capable of being redressed by the grant of declaratory relief. Respondent argues that Claimant, having assigned all of its interest, including rights and remedies, to LaSalle, has no standing to bring a declaratory action.

In response to Respondent's motion to dismiss, Claimant produces the letter agreement which Claimant asserts "incontrovertibly establishes that the causes asserted by [Claimant] in the Verified Complaint are owned

by [Claimant], and have been since January 3, 1996, (other than approximately $6,500 of attorneys' fees and costs due LaSalle Bank from [Claimant]." (Claimant's Response at 4.) Claimant states that "[a]s of March 19, 1997, [Claimant] paid the approximately $6,500 of attorneys' fees and costs to LaSalle Bank, and LaSalle Bank terminated its security interest in the equipment and software under the Agreement." *Id.*

. As assignment, oral or written, is the transfer of some identifiable property, claim or right from the assignor to the assignee. (*Buck v. Illinois Nat'l Bank & Trust Co.* (2nd Dist. 1967), 79 Ill. App. 2d 101, 106, 223 N.E.2d 167, 169.) The parties must intend to effectuate an assignment at the time of the transfer although no particular language or procedure is necessary. (*Id.*) If a valid assignment is effected, the assignee acquires all of the interest of the assignor in the property that is transferred. (*Id.*) The assignee, it has been often said, is placed "in the shoes" of the assignor. *Id.*

In this instance, the language of the assignment provides:

"Thinking Machines Corporation, a Delaware Corporation ('Thinking Machines') hereby sells, assigns, transfers and sets over to LaSalle Bank of Lisle, an Illinois Banking Corporation ('LaSalle') its successors and assigns, without recourse except as hereinafter provided, the attached Lease, Support and Software License Agreement dated March 31, 1992 (hereinafter referred to as the 'Contract'), between Thinking Machines and the board of Trustees of the University of Illinois for benefit of the National Center for Supercomputing Applications, as Obligor, and all payments due and to become due thereafter, and all right, title and interest of Thinking Machines' rights and remedies thereunder, and the right either in LaSalle's own behalf or Thinking Machines' name to take all such proceedings, legal equitable or otherwise that Thinking Machines might take, save for this Assignment and hereby grants a first priority security interest in the Equipment and any and all software, Contract and payments thereunder to LaSalle or its assigns (and shall execute all such UCC Financing Statements required to effectuate same.)

\* \* \*

All of Thinking Machines' right, title and interest assigned hereunder may be reassigned by LaSalle and any subsequent assignee. It is expressly agreed

that, anything herein contained to the contrary notwithstanding Thinking Machines' obligations under the Contract may be performed by LaSalle or any subsequent assignee without releasing Thinking Machines therefrom; LaSalle or any subsequent assignee shall have no obligation or liability under the Contract by reason of the Assignment be obligated to perform any of Thinking Machines' obligations under the Contract or to file any claim to take any other action to collect or enforce any payment assigned hereunder."

There is no automatic reversionary language in the agreement or assignment. And, while there is no specific language that Claimant must obtain the consent of Respondent to assign its rights or claims under the agreement, Claimant obtained Respondent's written consent to the assignment to LaSalle by having Respondent, on February 2, 1993, acknowledge and accept a notice of assignment, which states, in pertinent part:

"that Thinking Machines Corporation has assigned all right, title and interest in, to and under the above referenced Agreement, and the right to receive Payments to LaSalle Bank of Lisle ('Assignee')."

The terms of both the assignment and the notice of assignment are quite clear: Claimant assigned all of its right, title and interest in, to and under the agreement to LaSalle. There is no automatic reversionary language in the assignment or the notice of assignment. Apparently, Claimant asks the Court to recognize an oral assignment of the agreement from LaSalle back to Claimant.

Illinois law does recognize as valid, unless expressly prohibited by statute, oral assignments of all items of property that are capable of assignment, including rights, claims or choses in action. (*Buck v. Illinois Nat'l Bank & Trust Co.* (2nd Dist. 1967), 79 Ill. App. 2d 101, 106, 223 N.E.2d 167, 169.) In order to determine whether an assignment has occurred, it is necessary to ascertain the intention of the parties. (*Id.*) Where, as here, there is no writing evidencing the intention, it is necessary to scrutinize the surrounding circumstances and acts of the parties to ascertain their intentions. *Id.*

While there is no written assignment of the agreement from LaSalle back to Claimant, Claimant offers into evidence a letter dated April 23, 1997 (the "letter agreement"), bearing the letterhead of its attorneys in this action, but acknowledged and accepted by Leonard Ponte, chairman and chief executive officer of LaSalle. The letter agreement states, in pertinent part:

"3. During 1994, LaSalle incurred attorney's fees and costs of $6,484.05 relating to the [Agreement].

4. On January 3, 1996, LaSalle received a payment from [Respondent] of $2,899,999.99, representing the final payment due from [Respondent] under the [Agreement] dated March 31, 1992.

5. As of January 3, 1996, except for the attorney's fees and costs referred to in no. 3 above, LaSalle's interest in the [Assignment] terminated.

6. Upon LaSalle's receipt of the payment set forth in No. 4 above, except for the attorney's fees and costs set forth in No. 3 above, all right, title and interest in the [Agreement] previously possessed by LaSalle reverted to [Claimant].

7. On March 19, 1997, [Claimant] paid LaSalle the sum of $6,484.05, the attorney's fees and costs set forth in No. 3 above.

8. LaSalle terminated its security interest in the equipment and software under the [Agreement] on March 19, 1997.

9. Effective with the termination of the security interest set forth in no. 8 above, LaSalle possesses no right, title or interest, either legal or equitable, in the [Agreement] [or] the [Assignment]."

The majority of the language of the letter agreement, carefully crafted by counsel for Claimant *after* Respondent

filed its motion to dismiss, does little to shed light on the intention of the parties. Paragraph no. 9, however, clearly states that effective March 19, 1997, LaSalle possessed "no right, title or interest, either legal or equitable, in the Agreement." Other than paragraph no. 9, none of the statements offered in the letter agreement are consistent with an intention of LaSalle to assign all of its right, title and interest in the agreement to Claimant. Consequently, the Court finds that it was the intention of LaSalle that the entirety of its right, title and interest in the agreement was assigned to Claimant no earlier than March 19, 1997.

It is settled that the rights of the parties are determined as of the date the lawsuit is filed. (*CSM Insurance Building, Ltd. v. Ansvar America Insurance Co.* (1st Dist. 1995), 272 Ill. App. 3d 319, 323, 649 N.E.2d 600, 604 [citing *Bleck v. Cosgrove* (2d Dist. 1961), 32 Ill. App. 2d 267, 276, 177 N.E.2d 647, 651].) Where a valid assignment is effected, as in this instance, the assignee acquires all of the interest of the assignor in the property that is transferred. (*Buck v. Illinois Nat'l Bank & Trust Co.* (2d Dist. 1967), 79 Ill. App. 2d 101, 223 N.E.2d 167, 169.) Having determined that it was the intention of LaSalle that the entirety of its right, title and interest in the agreement was assigned to Claimant no earlier than March 19, 1997, Claimant, the assignor of the assignment, is not the proper party to this litigation. On December 26, 1996, the date the complaint in this case was filed, LaSalle was the assignee of whatever rights and interest Claimant may have claimed in the agreement. Consequently, LaSalle and not Claimant should have filed this action.

Because this Court has concluded that Claimant is without standing to maintain this action, it is unnecessary to consider the merit of Claimant's remaining allegations.

For the foregoing reasons, it is hereby ordered that this claim be, and the same is, dismissed, with prejudice.

## ORDER

HESS, J.

This cause comes before this Court on Claimant's motion for rehearing, filed June 5, 1998. Respondent filed a response to said motion on July 6, 1998. While this response was not timely filed, in the interests of substantial justice it shall be considered by this Court in the determination of this issue. Claimant's motion to strike and dismiss Respondent's response is therefore denied and the Court shall consider the motions on their merits.

The underlying case at issue here involves what appears to be an extremely complicated and highly advanced supercomputer system supplied to the University of Illinois for the benefit of the National Center for Supercomputing Applications by Thinking Machines Corporation. Said computer was supplied to the University of Illinois under a lease agreement. When Respondent had difficulties making the initial payments it was determined that Claimant and Respondent would seek third-party financing in an effort to salvage the deal. An eventual agreement was reached with LaSalle Bank of Lisle (hereinafter LaSalle), and, pursuant to this financing agreement, a Uniform Commercial Code (UCC) security agreement was properly filed with the Secretary of State.

At an earlier proceeding, Respondent filed and successfully obtained a motion to dismiss based upon this earlier assignment of the Claimant's rights to LaSalle. The Court of Claims Regulations (74 Ill. Admin. Code 790.10 *et seq.*) require that in order for an action to proceed in the Court of Claims the complaint must set forth, among other requirements, "that no assignment or transfer of the claim, or any part thereof or interest therein has been made except as stated in the complaint."

Claimant's motion for rehearing on this matter asserts that this Court misapprehended material facts surrounding the assignment clause in the security agreement. Claimant contends in its motion for rehearing that the assignment from Thinking Machines to LaSalle was an assignment only for financial reasons. That is, Respondent, due to the nature of its funding, was not able to make prompt payments to Thinking Machines. Thinking Machines was unable to operate under this arrangement and both Claimant and Respondent decided that the best course of action was for them to seek third-party financing for the lease. A financing agreement was eventually worked out with LaSalle. LaSalle, being a reasonable commercial lender, required some sort of security before financing a computer leasing deal, which amounted to over $5 million in value. This security agreement was cloaked in the form of an assignment of Thinking Machines' rights in the computer equipment pursuant to the account becoming delinquent. The terms of the assignment from Thinking Machines to LaSalle are quite clear. Thinking Machines assigned all of its rights and interests under the University of Illinois lease agreement to LaSalle. This assignment was an unequivocal surrender of all the rights Thinking Machines had under the lease agreement. Pending a transfer of LaSalle's interest back to Thinking Machines, Claimant had no interest in the lease agreement. Thinking Machines claims that LaSalle did assign their interests back to Thinking Machines through an oral assignment.

To determine the intent of an oral assignment, the law requires scrutiny of the surrounding circumstances. (*Buck v. Illinois National Bank and Trust Co.* (2d Dist. 1967), 223 N.E.2d 167, 79 Ill. App. 101.) The surrounding circumstances of the oral assignment are such that no interests were returned to Thinking Machines before March 19, 1997.

Rights of parties are determined on the date the lawsuit is filed. (*CSM Insurance Building, Ltd., et al., v. Ansvar America Insurance Co.* (1st Dist. 1995), 272 Ill. App. 3d 319, 649 N.E.2d 600.) In this case LaSalle owned, through the effective assignment, the rights which Thinking Machines is trying to assert in the present case. Therefore, LaSalle should have brought this lawsuit, not Thinking Machines.

Furthermore, Claimant asserts in its motion for rehearing that this order makes LaSalle a necessary party to the lawsuit. Claimant further asserts that, because they are a necessary party, the Court should proceed with this lawsuit. They assert that it was not LaSalle's intention, upon entering into the assignment, to become the owner of the supercomputer and related software. While this may have been the subjective intent of LaSalle, unfortunately this Court may only rely on the objective manifestation of the assignment. This objective manifestation makes LaSalle the owner of the cause of action.

For the foregoing reasons, it is hereby ordered that this claim be, and the same is, dismissed, with prejudice.