(No. 19774.)
MARY BALULIS, Defendant in Error, *vs.* JAMES H. HOOPER
*et al.*—(JAMES H. HOOPER, Plaintiff in Error.)

*Opinion filed December 20, 1929—Rehearing denied Feb. 12, 1930.*

JAMES H. HOOPER, *pro se.*

Mr. JUSTICE SAMUELL delivered the opinion of the court:

Defendant in error, Mary Balulis, on March 15, 1929, filed her bill in the circuit court of Cook county to set aside a bailiff's sale of real estate and to enjoin the issuance of a deed, and to quiet title to certain real estate as against the claims of plaintiff in error, James H. Hooper. Real property of the value of $8500 had been sold at execution sale to plaintiff in error for $83. Among other things, it was alleged in the bill that the proceedings leading up to the sale of said real estate were irregular and that the issuance of a deed would cloud the title. Hooper, Bernard W. Snow, bailiff of the municipal court of Chicago, and the National Bond and Investment Company, were made defendants. Summons was issued to all defendants and returnable on the third Monday in April, being April 15. On that date no leave was requested or granted for an extension of time in which to answer on

behalf of plaintiff in error. On April 16, 1929, plaintiff in error filed a formal answer neither admitting nor denying the allegations of the bill. On June 3 an order was entered defaulting plaintiff in error for want of appearance and answer, and on July 31 a decree was entered against him and all other defendants, granting the relief prayed for. The decree was entered with the consent of the defendants Snow, as bailiff, and the National Bond and Investment Company. Hooper sued out this writ of error.

The assignment of errors is as follows: "(1) In entering on June 3, 1929, the default of James H. Hooper and Bernard W. Snow for want of an appearance and answer while their answer was filed on April 16, 1929; (2) in entering a default order and default decree on July 31, 1929, again defaulting this defendant and Bernard W. Snow for want of answer while their answer was filed April 16, 1929."

The following is the complete brief and argument of plaintiff in error: "Plaintiff in error assigns that it was error to default and enter a decree by default against him while his answer was on file. Surely no argument is needed to sustain this point. The default and decree should therefore be reversed."

Plaintiff in error renders no assistance to this court in citing authorities which might be in point. Section 16 of the Chancery act provides that any defendant who shall be summoned shall be held to except, demur, plead or answer on the return day of the summons, "or within such further time as may be granted by the court, or in default thereof the bill may be taken as confessed." While the circuit court may by a general rule of court extend the time for pleading, it does not appear that the trial court lawfully took judicial notice of any such rule. The general rule is, when the time for pleading has expired and the party has filed a pleading without leave of court and without consent of the adverse party the filing thereof is an irregularity, which, if not waived, renders the pleading liable,

at the discretion of the court, to be stricken on motion or disregarded or treated as a nullity. (*Farmer* v. *Fowler*, 288 Ill. 494; *Walter Cabinet Co.* v. *Russell*, 250 id. 416; *Flanders* v. *Whittaker*, 13 id. 707.) Plaintiff in error was in default on April 16. He did not ask for and was granted no further time to plead. His answer was a nullity after the return day.

The decree of the circuit court is therefore affirmed.

*Decree affirmed.*