7 Ill. App.2d 1 (1955)
128 N.E.2d 600
Donald C. Allensworth, Plaintiff-Appellant,
v.
First Galesburg National Bank and Trust Company; Victor Casket Hardware Company; Galesburg Glass Company; Thomas H. DuJardin and Walter E. Brown, Defendants-Appellees.
Gen. No. 10,827.
Illinois Appellate Court  Second District.
July 29, 1955.
Rehearing denied September 13, 1955.
Released for publication September 14, 1955.
*2 Don C. Allensworth, of Galesburg, pro se, appellant.
Barash & Stoerzbach, and Stuart, Neagle & West, all of Galesburg, for appellees.
MR. JUSTICE EOVALDI delivered the opinion of the court.
*3 Plaintiff, Donald C. Allensworth filed a forcible entry and detainer suit in the circuit court of Knox county against First Galesburg National Bank and Trust Company, Victor Casket Hardware Company, Galesburg Glass Company, Thomas H. DuJardin and Walter E. Brown. All of the defendants with the exception of Galesburg Glass Company expressly disclaimed any right, title or interest in the property which was the subject matter of the suit. The defendants, First Galesburg National Bank and Trust Company and the Galesburg Glass Company, filed a counterclaim in said action which sought to obtain a permanent injunction against plaintiff restraining him from claiming or attempting to claim any right, title or interest in said real estate and also seeking a decree quieting the title to the above said property. The issues were referred to the Master in Chancery who reported to the court his conclusion that counterclaimants were entitled to the relief prayed for. The court overruled objections to the Master's report and entered a decree enjoining plaintiff from bringing any further actions affecting the title to said real estate and quieted the title to said real estate in Galesburg Glass Company. Plaintiff has appealed from this decree.
[1-3] The record before us on this appeal does not contain all of the pleadings nor does it contain any of the evidence heard by the Master. However, from the record and from the records of this court in prior appeals by the same plaintiff, we are able to glean a sufficient knowledge of the nature of the action. It appears that in 1944 the real estate in question was the subject matter of the partition suit in the circuit court of Knox county. Plaintiff was a party to that suit. As a result of a decree entered in said cause, the real estate in question was sold to the Victor Casket Hardware Company. Thereafter by mesne conveyances, the title became vested in Galesburg Glass Company. *4 Plaintiff appealed from that decree to this court and we affirmed the decree of the trial court. The Supreme Court denied leave to appeal. Following that action, plaintiff instituted or caused to be instituted various other legal proceedings in said circuit court and in each of said suits sought to relitigate the question of the ownership or right to possession of said real estate. In each case the trial court denied relief and in several cases the judgment of the trial court was appealed to this court where plaintiff was again denied relief. Plaintiff has also filed various lis pendens notices in the office of the Recorder of Deeds of Knox county and has threatened to file other litigation concerning the ownership and possession of said real estate. In each of the many actions and notices, plaintiff has sought to claim title or right to possession of said property in spite of the adverse decree of the trial court and this court. Any instrument or proceedings in writing which appears of record and casts doubt upon the validity of the record title constitutes a cloud on the title (Krile v. Swiney, 413 Ill. 350; Shults v. Shults, 159 Ill. 654). It is, therefore, clear that the actions and notices brought or filed by plaintiff constitute clouds on the title of Galesburg Glass Company, the owner thereof, and that equity has jurisdiction to quiet the title, remove said clouds, and enjoin the further prosecution of any actions by plaintiff. It is also quite clear that equity has jurisdiction to enjoin the prosecution of a forcible entry and detainer suit even though the defendant may have an adequate remedy at law by reason of a defense to the forcible entry and detainer action (Bartelstein v. Goodman, 340 Ill. App. 51).
[4, 5] The only question of any consequence in this case is whether such equitable relief can be permitted by counterclaim in an action of forcible entry and detainer or whether it must be obtained in an independent *5 action. We are of the opinion that the relief may be obtained by way of counterclaim. The Forcible Entry and Detainer Act provides that the provisions of the Civil Practice Act apply to proceedings under the Act except as otherwise provided. (Ill. Rev. Stat. 1953, Ch. 57, Sec. 11 [Jones Ill. Stats. Ann. 109.271].)
The Civil Practice Act expressly permits counterclaims in equity (Ill. Rev. Stat. 1953, Ch. 110, Sec. 168 [Jones Ill. Stats. Ann. 104.044]). The only limitation found in the Forcible Entry and Detainer Act is that contained in Section 5 of the Act which provides that no matters not germane to the distinctive purpose of the proceeding shall be introduced by joinder, counterclaim or otherwise (Ill. Rev. Stat. 1953, Ch. 57, Sec. 5 [Jones Ill. Stats. Ann. 109.267]).
In Melburg v. Dakin, 337 Ill. App. 204, this court held that an equitable defense was available in an action of forcible entry and detainer. In our opinion a counterclaim in a forcible entry and detainer suit is germane to the purpose of the action, when it seeks to enjoin plaintiff from filing any further action or claiming any right to the real estate.
We are of the opinion that the trial court properly allowed the relief prayed for in the counterclaim and the decree of the trial court is affirmed.
Decree affirmed.