Wallace Reid, Jr. and Mae C. Reid, Plaintiffs-Appellees, v. Louise Arceneaux, Defendant-Appellant.

Gen. No. 50,515.

First District, Fourth Division.

October 1, 1965.

113

Louis A. Rosenthal, of Chicago, for appellant.

Stone, Bolotin & Pogrund, of Chicago (Bertram A. Stone, of counsel), for appellees.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Defendant appeals from an order dismissing her counterclaim.

Plaintiffs brought suit in forcible entry and detainer to regain possession of a building on the ground that defendant was in default in payments under Articles of Agreement for Warranty Deed. Defendant's counterclaim alleged fraud and misrepresentation in the inducement for the purchase of the property and prayed:

> (a) That by judgment of this Court, the contract between the parties herein referred to be found to be rescinded and null and void; (b) For judgment against the counter-defendants in the sum of $5,000.00 and prays for a finding that malice is the gist of the action; (c) That a constructive trust be raised in favor of the counter-plaintiff against the property herein involved in the amount of $5,000.00; (d) That the counter-plaintiff have such other and further relief as to the Court shall seem meet and proper.

Defendant points out that prior to the recent amendment of the Judicial Article [1] jurisdiction over forcible entry and detainer suits was vested in Justices of the Peace, Peace Magistrates, County Courts and Munici-

[1] Ill Const art VI.

pal Courts, all of which were courts of limited jurisdiction and none of which had equity jurisdiction; that on January 1, 1964, (the effective date of the amendment) these courts were abolished and all cases are now filed and heard in a Circuit Court which has "unlimited original jurisdiction of all justiciable matters." From this, defendant argues that since the Civil Practice Act allows the defendant to assert as a counter-claim any cross demand whatsoever in equity or otherwise against the plaintiff,[2] her counterclaim was improperly stricken. Defendant has evidently overlooked the fact that prior to the Judicial Article amendment forcible entry and detainer suits were filed in the Circuit Court (which had original unlimited jurisdiction) as well as in courts of limited jurisdiction. Therefore the principles enunciated in Circuit Court cases dealing with forcible entry and detainer are still applicable. In Bleck v. Cosgrove, 32 Ill App2d 267, 177 NE2d 647 (a Circuit Court case), the court, in accordance with the Forcible Entry and Detainer Act,[3] held that a counterclaim may be asserted by the defendant in an action thereunder only if it is germane to the issue of possession.

As to the applicability of the Civil Practice Act to forcible entry and detainer suits, we note that Section 1 of the Civil Practice Act states that the provisions of that act apply to all civil proceedings, both at law and in equity, in courts of record, except in forcible entry and detainer other proceedings in which the procedure is regulated by separate statutes. In all those proceedings the separate statutes control to the extent to which they regulate procedure. (Ill Rev Stats, 1963, c 110, § 1.)

Section 11 of the Forcible Entry and Detainer Act provides: "The provisions of the Civil Practice Act

---

[2] Ill Rev Stats, 1963, c 110, § 38.
[3] Ill Rev Stats, 1963, c 57, § 5.

... shall apply to all proceedings hereunder in courts of record, except as otherwise provided in this Act."

█ Therefore, where the Forcible Entry and Detainer Act regulates procedure, the Civil Practice Act is not applicable. Certainly Section 5 of the Forcible Entry and Detainer Act is specific: "No matters not germane to the distinctive purpose of the proceeding shall be introduced by joinder, counterclaim or otherwise."

██ Defendant does not here dispute plaintiffs' right to possession of the subject property. The distinctive purpose of a forcible entry and detainer suit was defined in Bleck v. Cosgrove, supra, at page 272:

> Forcible entry and detainer is a summary statutory proceeding to adjudicate rights to possession and is unhampered and unimpeded by questions of title and other collateral matters not directly connected with the question of possession.

"Germane" has been defined as "closely allied." City of Chicago v. Reeves, 220 Ill 274. Since defendant by her counterclaim is seeking relief other than entitlement to possession, it is not "closely allied" or "germane" to the distinctive purpose of the Forcible Entry and Detainer Act. Defendant's counterclaim was properly stricken.

Affirmed.

McCORMICK, P. J. and ENGLISH, J., concur.