MATTIE FISHER, Plaintiff and Counterdefendant-Appellee, v. VIVIAN HOLT, Defendant and Counterplaintiff-Appellant.

First District (3rd Division)   No. 76-1310

Opinion filed August 24, 1977.

Robert P. Burns and Alan M. Freedman, both of Chicago, for appellant.

No brief filed for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

On June 1, 1976, plaintiff Mattie Fisher, brought this action under the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1975, ch. 57, par. 1 *et seq.*) against defendant, Vivian Holt, for possession of a four room apartment at 4215 South Vincennes in Chicago for nonpayment of rent. No claim for rent was joined in the action. The defendant filed a counterclaim in three counts. Only one count is involved in this appeal and we will not allude to those counts not involved. The pertinent count of the counterclaim alleged Holt lawfully occupied the premises under an oral lease since October 1974 and that the premises were in substantial violation of the Municipal Code of the City of Chicago and, consequently, that Fisher had breached the implied warranty of habitability, thus reducing the value of the tenancy in the amount of $1125.

■■ Fisher has not filed a brief in this cause. However, the factual situation is not complex and the issues raised may be resolved without the need of an appellee's brief. We therefore review defendant's contentions on the merits. *First Capitol Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493.

In a jury trial at the conclusion of the plaintiff's evidence the trial court granted Holt's motion for a directed verdict on the grounds that the plaintiff was unable to make out a prima facie case. At that point, Fisher made a motion to dismiss the counterclaim stating that inasmuch as the complaint did not stand the counterclaim by itself was not germane to the issues. Section 5 of the Forcible Entry and Detainer Act provides that "no matters not germane to the distinctive purpose of the proceedings shall be introduced by * * * counterclaim or otherwise * * *." The trial court first noted that when the motion to strike the counterclaim was made

during the course of the trial it denied the motion because the counterclaim was germane to the issue of possession on the theory of nonpayment of rent. The court then ruled that the counterclaim was no longer germane to whether or not the plaintiff is entitled to possession for nonpayment of rent because the plaintiff failed to prove her case. The court also ruled that the counterclaim did not state a cause of action because it did not specifically allege that rent was tendered each month during which the defendant had possession of the premises.

■■ No contention is made that the motion to dismiss the counterclaim while the Forcible Entry and Detainer action was pending was improperly denied nor should it have been under the authority of *Peoria Housing Authority v. Sanders* (1973), 54 Ill. 2d 478, 298 N.E.2d 173. There the court held that in an action for possession based on nonpayment of rent, the question of whether the defendant owes rent to the plaintiff is germane whether or not the plaintiff seeks judgment for the rent. The defendant's counterclaim in *Peoria Housing Authority*, as it does here, raised the question as to whether the defendant owed rent.

■■■ Fisher's motion to dismiss the counterclaim after the dismissal of her complaint raised only the question of whether the counterclaim should be dismissed because the underlying action, the complaint for possession, was dismissed, thereby making the counterclaim not germane. We see no validity in this contention. The issue of what was germane only applied while the action for possession was pending and, as indicated above, the court properly ruled on that motion. Where a counterclaim sets up facts and prays for affirmative relief, as it does here, the dismissal of the complaint does not dismiss the counterclaim. (*Highway Industries v. Trailer Leasing Co.* (1977), 48 Ill. App. 3d 235, 363 N.E.2d 60.) The only question that remained to be determined by the trial court was whether the counterclaim was sufficient procedurally and substantively.

As a matter of procedure section 42(2) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 42(2)) provides that no pleading is bad in substance where it reasonably informs the opposite party of the nature of the claim. Section 33(3) of the Civil Practice Act provides that pleadings shall be liberally construed in order to do substantial justice between the parties. There is nothing to indicate that Fisher was not reasonably informed of the nature of Holt's claim.

■■ As a matter of substantive law it is well established that a tenant may bring an action against his landlord for breach of a covenant. (*Jack Spring, Inc. v. Little* (1972), 50 Ill. 2d 351, 359, 280 N.E.2d 208.) The court in *Spring* also held, at page 366, that included in contracts governing tenancies in multiple unit dwellings is an implied warranty of habitability which is fulfilled by substantial compliance with the pertinent provisions

of the building code. The complaint here alleges a breach of a covenant by alleging multiple violations of the building code which is a breach of the implied warranty of habitability.

We find that the counterclaim of Holt states a cause of action and was improperly dismissed by the trial court.

Reversed and remanded.

McNAMARA and McGILLICUDDY, JJ., concur.