JUDITH P. SAWYIER *et al.*, Plaintiffs-Appellees, v. WILLIAM H. YOUNG, Defendant-Appellant.

First District (5th Division)   No. 1—89—0728

Opinion filed May 18, 1990.

Robert L. Scott, of Chicago, for appellant.

Joyce & Kubasiak, P.C., of Chicago (Richard S. Reizen, of counsel), for appellees.

JUSTICE GORDON delivered the opinion of the court:

Defendant appeals from an order of the circuit court of Cook County which (1) denied his motion to enter a default judgment for plaintiffs' failure to answer his counterclaim or, alternatively, to set a trial date on the counterclaim, and (2) dismissed the counterclaim on grounds that it was not within the jurisdiction of a court hearing forcible entry and detainer actions. He contends that the trial court exceeded its authority in denying his motion and improperly dismissed his counterclaim on the grounds that it was not germane to a forcible detainer proceeding. Both defendant and plaintiffs seek an award of attorney fees for this appeal. We affirm the trial court's denial of defendant's motion and deny an award of fees to either side.

In March of 1988, defendant entered into a contract to sell real estate at 4849 South Ellis in Chicago, consisting of a main house and coach house, to plaintiffs for $270,000. A rider to the contract provided defendant with the right to live rent free in the coach house for the remainder of his life. At the closing, defendant and plaintiffs signed a memorandum of understanding confirming this arrangement and further stating that plaintiffs would never engage in a course of conduct to harass defendant into leaving the coach house unless defendant in bad faith refused to perform his residency, utility or maintenance obligations.

Thereafter, the parties became involved in two lawsuits involving this coach house. On November 30, 1988, plaintiffs filed a forcible entry and detainer complaint against defendant claiming that they were

entitled to possession of the coach house and defendant unlawfully withheld possession of it. The complaint was silent as to the basis for these claims. On December 12, defendant filed a separate action in chancery seeking a rescission of the real estate contract based upon allegations that plaintiffs, contrary to the memorandum of understanding, had engaged in a course of conduct to force him out of the coach house.

On December 19, 1988, the date for appearance and possible trial in the forcible detainer action, defendant filed his appearance and demanded a jury trial. He did not file any answer at that time. Nothing further transpired on this action until January 4, 1989, when plaintiffs served a notice that they would appear on January 6 to move to voluntarily dismiss their forcible detainer action. On January 5, defendant, without leave of court, filed a combined answer and counterclaim to the forcible detainer action in the court clerk's office. In his answer, defendant "admitted" that plaintiffs were entitled to the possession of the main house at 4849 South Ellis, but did not address their possession claim on the coach house. Defendant, however, did deny that he wrongfully possessed the coach house, alleging that he had vacated the house because of certain wrongful acts of plaintiffs, set forth in the counterclaim, but that he made no further claim to the coach house. His counterclaim alleged that plaintiffs had breached the real estate contract and committed various torts based on essentially the same facts alleged in his chancery complaint and sought monetary damages, including damages measured by the value of rent-free use of the coach house for the remainder of his life. On January 6, the trial court granted plaintiffs' motion to voluntarily dismiss the forcible detainer action. The order makes no mention of the counterclaim. On February 3, defendant and plaintiffs agreed to dismiss the chancery proceeding with prejudice.

On February 17, 1989, defendant presented a written motion to the forcible detainer court asking it to either enter a default judgment against plaintiffs for failing to answer his counterclaim or to set the counterclaim for trial. At the hearing on the motion, the trial court noted that defendant's counterclaim did not appear on its half sheet and "incidentally" was not germane to the issue of possession and denied defendant's motion. The trial court then denied the motion. Immediately after denying the motion, it permitted defendant to further argue on oral motion that, regardless whether the counterclaim was duly filed, the trial court had jurisdiction to hear the counterclaim because it was germane to the issue of possession. In again denying the motion, the court responded by first noting that possession was no

longer an issue because of defendant's answer and then stated that, regardless whether the counterclaim was properly filed, it had no jurisdiction to consider what was set forth in the counterclaim. It further stated that because of this, defendant was not harmed by the January 6 voluntary dismissal order.

OPINION

A threshold issue in this appeal, touched upon but not fully articulated by the parties, is whether defendant's counterclaim was filed timely and thus properly before the trial court when it entered its January 6, 1989, order voluntarily dismissing the forcible detainer action. If it was properly filed, then a voluntary dismissal would not have been appropriate without defendant's consent. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009.) If it was not properly filed, the dismissal order terminated the forcible detainer action and the filing of any counterclaim would thereafter no longer be possible. Upon review of the record, we find that it was not properly filed.

The facts which pertain to this issue are undisputed. On December 19, 1988, the date on which defendant was required to appear and be ready for trial, defendant filed his appearance and jury demand but filed no answer. At that time, the trial court did not enter any order directing defendant to file an answer. On January 5, 1989, the day before the scheduled hearing on plaintiffs' voluntary dismissal motion, defendant unilaterally filed an answer and counterclaim in the court clerk's office. The trial court neither ordered nor granted leave to file these pleadings. On January 6, the trial court granted the voluntary dismissal motion.

■ Our determination of whether the counterclaim was filed timely begins with a consideration of the time for filing an answer in the forcible detainer action since, ordinarily, the time for filing a counterclaim is the same as the time for filing the answer. (Ill. Rev. Stat. 1987, ch. 110, par. 2—608(b).) Supreme Court Rule 181 (107 Ill. 2d R. 181) sets forth various times for filing answers in courts in Illinois. (107 Ill. 2d R. 181(a) (answer due within 30 days after date of service); 107 Ill. 2d R. 181(b)(1) (answer due within 10 days after the date for appearance).) However, with respect to forcible detainer actions, Rule 181(b)(2) provides:

"In actions for forcible detainer (see Rule 101(b)), the defendant must appear at the time and place specified in the summons. If the defendant appears, he need not file an answer unless ordered by the court; and when no answer is ordered, the allegations of the complaint will be deemed denied, and any de-

fense may be proved as if it were specifically pleaded." 107 Ill. 2d R. 181(b)(2).

Defendant seemingly argues that because Rule 181(b)(2) does not set forth a specific date or time frame for filing an answer in a forcible detainer action, his answer and his counterclaim, filed with the clerk 17 days after the due date for filing his appearance, were timely filed and properly before the court. We disagree. We find that this rule only permits a defendant until the date of appearance to file an answer, after which he must either obtain leave from or be ordered by the court to file an answer. The rule states that "[i]f the defendant appears, he need not file an answer unless ordered by the court." We read this provision to mean that an answer, if it is to be filed, is due on the date the appearance is filed and thereafter may only be filed by order of court.

Our finding that the appearance date in a forcible detainer action marks the time within which a written answer and, correspondingly, a counterclaim may be filed as a matter of right is supported by the decision in *First Bank v. Carswell* (1982), 111 Ill. App. 3d 71, 443 N.E.2d 755. There, the issue was the time for filing a jury demand in a forcible detainer action. The court's decision that a defendant must make a jury demand by the date of appearance conforms with the conclusion that the answer, too, is due by the date of appearance since, in civil actions, a defendant must file his jury demand not later than the date for filing his or her answer. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1105.) Additionally, this case sheds some light directly on the issue of whether a court order is needed to file an answer and counterclaim after the appearance date, because the facts of the case indicate that defendant obtained leave of court to file a late appearance, answer, and counterclaim.

This finding is consistent with the general purpose of our supreme court rules, which is to facilitate the orderly disposition of the business of courts and to expedite the prompt administration of justice. (See *Gibellina v. Handley* (1989), 127 Ill. 2d 122, 134, 535 N.E.2d 858, 864.) A rule which controls the time frame for filing an answer is more likely to facilitate the orderly disposition of the business of courts and expedite the prompt administration of justice than one which allows a defendant to file his answer at will. In fact, it could lead to chaos to permit a party to file pleadings without any control by the courts. This is particularly true in the case of filing an answer and counterclaim after the date of appearance in a forcible detainer action where, at least in theory, the appearance date could also be the trial date. (See Cook County Circuit Ct. R. 10.5.) By giving courts

control over late pleadings, we avoid surprise, hardship, prejudice and unnecessary delays in proceedings.

Another consideration for finding that an answer and counterclaim are due on the date of appearance is that by doing so we give meaning to all of the language of Rule 181(b)(2). (See *People v. Redmond* (1974), 59 Ill. 2d 328, 334, 320 N.E.2d 321, 324.) If we were to read this rule as permitting the filing of the answer and counterclaim at any time, then the language in the rule concerning the posture of the pleadings when no answer is ordered would be at best tentative, without firm stability or finality to the issues framed. A final consideration is that if we were to permit a party to control the timing of pleadings in a forcible detainer action, we would be giving that party the power to circumvent a prime purpose of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1987, ch. 110, par. 9—101 *et seq.*), which is to provide a speedy remedy to give possession to those entitled to it. (*Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249, 251, 263 N.E.2d 833, 835.) To permit a party to file a pleading when he or she chooses after the appearance date could defeat this speedy remedy.

■ Defendant failed to file his answer by December 19, 1988, the date for filing his appearance, but did file an answer and counterclaim in the clerk's office on January 5, 1989, without leave of court. His failure to obtain leave of court rendered his answer and counterclaim liable at the discretion of the court to be disregarded or treated as a nullity. (See *Balulis v. Hooper* (1929), 338 Ill. 21, 22-23, 169 N.E. 821, 821-22.) The mere act of filing a late pleading in the clerk's office does not place the late pleading properly before the court. If the result were to be otherwise, then Supreme Court Rule 183, which gives courts the power to grant extensions of time to file pleadings, would be without real efficacy. 107 Ill. 2d R. 183.

Accordingly, when plaintiffs moved for a voluntary dismissal, only their complaint was properly before the court. Under these circumstances, the trial court's order dismissing the complaint was proper. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009.) In fact, the trial court was compelled to dismiss the complaint. (*Estate of Jackson v. Smith* (1987), 183 Ill. App. 3d 663, 671, 541 N.E.2d 1117, 1122.) Once the forcible detainer action was dismissed, even with special leave of court, defendant could no longer file his claim as a counterclaim but instead would have to file his claim as an independent cause of action. Since the counterclaim never was properly before the court, the court's denial of the motion for a default judgment on that counterclaim or to set it for trial was not error. See *McGinnis v. A.R. Abrams, Inc.* (1986), 141 Ill. App. 3d 417, 490 N.E.2d 115.

■■ ■ Although our decision that defendant's counterclaim was not properly before the court resolves this appeal, we also find that even if defendant's counterclaim had been properly before the court, a dismissal would have been proper because the counterclaim was not germane to the distinctive purpose of the forcible entry and detainer proceeding.

Section 9—106 of the Forcible Entry and Detainer Act provides:

> "The defendant may under a general denial of the allegations of the complaint offer in evidence any matter in defense of the action. No matters not germane to the distinctive purpose of the proceeding shall be introduced by joinder, counterclaim or otherwise. However, a claim for rent may be joined in the complaint, and judgment may be entered for the amount of rent found due." (Ill. Rev. Stat. 1987, ch. 110, par. 9—106.)

A forcible entry and detainer proceeding is a summary statutory proceeding to adjudicate possession rights and should not be burdened by matters unrelated to the issue of possession. (*Bismarck Hotel Co. v. Sutherland* (1980), 92 Ill. App. 3d 167, 174, 415 N.E.2d 517, 522.) A counterclaim which does not dispute possession but which instead seeks damages for fraud or misrepresentation is not germane to the issue of possession. (*Reid v. Arceneaux* (1965), 63 Ill. App. 2d 113, 211 N.E.2d 24.) Defendant contends that his counterclaim is germane to the issue of possession. He claims that by his counterclaim he seeks a determination of his right to possession of the coach house under the terms of the real estate contract, albeit for the purpose of compelling an award of money equivalent to unpaid rent.

The matters raised by defendant's counterclaim are not germane to the issue of possession of the coach house and therefore not properly joined in forcible detainer action. (Ill. Rev. Stat. 1987, ch. 110, par. 9—106.) Although defendant claims to be seeking a determination of his right to possession of the coach house, he, in effect, conceded the issue of possession when, in his answer, he stated that he had vacated the coach house and no longer claimed any interest in it. Thus, the issue of possession was not even involved in the proceeding. Additionally, although he now claims that the damages sought in his counterclaim include the equivalent of unpaid rent, it is clear from his pleading that he is seeking only monetary damages, including damages measured by the value of rent-free use of the coach house for the remainder of his life, for the alleged breach of the real estate contract and misrepresentation of plaintiffs. Where a claim seeks damages and not possession, it is not germane to the distinct purposes of the forcible entry and detainer proceeding. See *Great American Fed-*

*eral Savings & Loan Association v. Grivas* (1985), 137 Ill. App. 3d 267, 484 N.E.2d 429; *Bismarck Hotel Co. v. Sutherland* (1980), 92 Ill. App. 3d 167, 415 N.E.2d 517; *Reid v. Arceneaux* (1965), 63 Ill. App. 2d 113, 211 N.E.2d 24.

*Reid v. Arceneaux* (1965), 63 Ill. App. 2d 113, 211 N.E.2d 24, involved a situation somewhat similar to the facts in the present case. There, plaintiffs filed a forcible action to regain possession of a building on the basis that the defendant was in default under articles of agreement for warranty deed. Defendant chose not to contest possession but instead counterclaimed that plaintiffs had committed fraud and misrepresentation in the inducement for the purchase of the property and requested a rescission and monetary damages. The *Reid* court found that since defendant's counterclaim did not dispute possession but rather sought relief other than possession, it was not germane to the distinctive purpose of the Forcible Entry and Detainer Act. (*Reid*, 63 Ill. App. 2d at 116, 211 N.E.2d at 26.) Similarly, in the present case, since defendant's counterclaim did not dispute possession but rather sought relief in the form of monetary damages, it is not germane to the purpose of the Act.

■ The types of claims which Illinois courts have found to be germane to the issue of possession generally fall into one of four categories: (1) claims asserting a paramount right of possession (*Allensworth v. First Galesburg National Bank & Trust Co.* (1955), 7 Ill. App. 2d 1, 128 N.E.2d 600); (2) claims denying the breach of any agreement vesting possession in plaintiff (*Jack Spring, Inc. v. Little* (1972), 50 Ill. 2d 351, 280 N.E.2d 208); (3) claims questioning the validity or enforceability of the document upon which plaintiff's right to possession is based (*Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249, 263 N.E.2d 833); and (4) claims questioning a plaintiff's motivation for the bringing of the forcible action (*Clore v. Fredman* (1974), 59 Ill. 2d 20, 319 N.E.2d 18). Defendant's claim does not fall into any of these categories because, in each, the question of possession is at issue. As a result of defendant's pleadings, possession is not in issue in this case. His claim only seeks monetary damages for plaintiffs' alleged breach of the real estate contract and the various torts. Where a claim essentially involves damages and not possession, it is not germane to forcible actions. *Bismarck Hotel Co. v. Sutherland* (1980), 92 Ill. App. 3d 167, 174, 415 N.E.2d 517, 522.

■ Defendant cites to *Fisher v. Holt* (1977), 52 Ill. App. 3d 164, 367 N.E.2d 370, as support for his position, but we find it to be factually distinguishable. *Fisher* was a suit for possession of an apartment for nonpayment of rent. Defendant filed a counterclaim which raised

the question of whether she owed rent. Thus, the counterclaim raised an issue over whether the plaintiff was entitled to possession. The *Fisher* court found this claim to be germane to the claim for possession based on the nonpayment of rent. (*Fisher*, 52 Ill. App. 3d at 166, 367 N.E.2d at 371.) The present case is different because, as indicated, the parties were not at issue over whether plaintiffs were entitled to possession. That issue had been removed by the pleadings. Without an issue over the possession of the coach house, the counterclaim was not germane to the distinct purpose of forcible detainer proceeding.

Defendant's final contention is that he is entitled to an award of attorney fees on appeal because he was forced to take this appeal from a judgment which was based on the "sparse facts and misstated law" presented by plaintiffs. Plaintiffs also request an award of fees, claiming that defendant brought this appeal without any legal basis and in bad faith. We find no basis for an award of fees to either defendant or plaintiffs.

■ An award of fees on appeal is authorized by section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). (See *Aroonsakul v. Flanagan* (1987), 155 Ill. App. 3d 223, 229-30, 507 N.E.2d 1, 15-16.) An award of fees is warranted where the appeal is without any legal basis (*Britt v. Federal Land Bank Association* (1987), 153 Ill. App. 3d 605, 505 N.E.2d 387) or is brought in bad faith. (*Aroonsakul v. Flanagan* (1987), 155 Ill. App. 3d 223, 507 N.E.2d 1; *Manchester Insurance & Indemnity Co. v. Strom* (1970), 122 Ill. App. 2d 183, 258 N.E.2d 150.) A determination that a party's arguments are unavailing is not equivalent to finding that they are without legal basis. *Davis v. Chicago Housing Authority* (1988), 176 Ill. App. 3d 976, 986, 531 N.E.2d 1018, 1025.

■ Defendant's claim for fees must fail because we have sustained the trial court's judgment on the basis of the same facts and law presented to that court. Plaintiffs' claim for fees fails, even though we have ruled against defendant, because we cannot characterize the position he took as devoid of any arguable legal support. Although defendant's arguments were unavailing, they were not the types of arguments which would warrant the sanction of attorney fees. (*E.g., Britt v. Federal Land Bank Association* (1987), 153 Ill. App. 3d 605, 505 N.E.2d 387.) Additionally, our review of the record does not reveal any evidence of bad faith so as to warrant an award of fees on appeal. See *Aroonsakul v. Flanagan* (1987), 155 Ill. App. 3d 223, 507 N.E.2d 1.

In addition to the issues raised by this appeal, plaintiffs have urged this court to determine whether defendant was otherwise

barred, under the doctrine of *res judicata*, from bringing his counterclaim by virtue of the agreed order to dismiss his chancery proceeding with prejudice. Since we have concluded that the counterclaim was never properly before the trial court and, further, was not germane to the distinct purpose of a forcible detainer proceeding, we need not make this determination.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

COCCIA, P.J., and LORENZ, J., concur.